IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MERCER COUNTY BOARD OF EDUCATION,**
**Employer Below, Petitioner**

**v.) No. 25-ICA-427**     (JCN: 2025009081)

**ROSEMARY S. MITCHELL,**
**Claimant Below, Respondent**

**FILED**
**May 1, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mercer County Board of Education ("MCBOE") appeals the October 6, 2025, order of the Workers' Compensation Board of Review ("Board").[1] Respondent Rosemary Mitchell did not respond. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The claim administrator issued an order dated April 2, 2025, rejecting the claim on the basis that Ms. Mitchell did not sustain an injury in the course of and resulting from her employment. The order also indicated that the decision was based on a determination that the injury "Does not Meet Statutory Definition of accident."

In her protest letter Ms. Mitchell submitted to the Board dated April 22, 2025, she stated that she was at work in the superintendent of schools' office, discussing a situation, when she stood up and rolled her right ankle and injured her foot. Ms. Mitchell alleged that she got her right foot hung on the side of the chair and when she stood, the ankle rolled. She identified the superintendent and the administrative assistant as witnesses to the accident. Ms. Mitchell stated that she was directed by her employer to file an accident report, and that the accident occurred during the regular workday. Ms. Mitchell indicated that she was treated at the Orthopedic Center of the Virginias and was diagnosed with a

---

[1] MCBOE is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq. Ms. Mitchell did not appear.

hair-line fracture, sprain, and possible ligament damage. Ms. Mitchell stated that she was prescribed a boot to stabilize her right foot, and that the accident impaired her mobility for the first three weeks following the injury, but she continued working.

The Board indicates that:

The claimant attached a March 28, 2025, letter from the Claim Administrator to her and the protested Order dated April 2, 2025, to the April 22, 2025, protest letter. The letter stated that it had been notified that the claimant was injured recently and that the injury may have occurred in the course of her employment. She was advised that the Claim Administrator would be collecting information to determine whether the injury should be covered by her employer's workers' compensation insurance. The letter indicated that a brochure was enclosed that would help her understand what happens now that a workers' compensation claim had been filed for her injury. The letter indicated that a medical records release was attached and the claimant was asked to sign and return the form. A copy of the brochure and the medical release were also attached to her April 22, 2025, protest letter.

On October 6, 2025, the Board reversed the claim administrator's order, which rejected the claim. The Board found that, based on a preponderance of the evidence, Ms. Mitchell has established that she sustained an injury to the right lower extremity in the course of and resulting from her employment on March 25, 2025. MCBOE now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

2

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

MCBOE argues that Ms. Mitchell failed to establish a compensable claim. MCBOE admits that the evidence on record establishes that Ms. Mitchell sustained an ankle injury while standing up from a chair. However, MCBOE argues that Ms. Mitchell's employment offered no increased risk of injury beyond what any other person would have sustained outside of their employment. MCBOE characterizes Ms. Mitchell's injury as "idiopathic." Finally, MCBOE argues that the finding of compensability in this claim is in contradiction to the increased risk test set forth in *Hood v. Lincare Holdings, Inc*., 249 W. Va. 108, 894 S.E.2d 890 (2023). We disagree.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

In *Hood*, the Supreme Court of Appeals of West Virginia held, "[i]n the context of workers' compensation law, there are four types of injury-causing risks commonly faced by an employee at work: (1) risks directly associated with employment; (2) risks personal to the claimant; (3) mixed risks; and (4) neutral risks." *Hood* at 110, 894 S.E.2d at 892, syl. pt. 4.

Here, the Board noted the following regarding *Hood* and its application to the instant case:

The Court, in *Hood*, referred to several memorandum decisions, including *American Medical Facilities v. Parsons*, 2021 WL 1595434, at *1 (W. Va. Apr. 23, 2021) (memorandum decision). The *Hood* Court stated that in *Parson*s the factfinder was evaluating an injury within the first category of risk, which is risks directly associated with employment because the mechanism of injury was clear. The Court stated that Ms. Parsons, a nurse, fell while walking through a tunnel "when her feet 'got stuck' and she fell to the ground" and concurred that Ms. Parsons sustained a compensable injury when she slipped and fell while walking to an employer-owned breakroom. The Court cited to other claims that were not held compensable and noted that, in those cases, the claimants did not trip or fall and the claimant's knee simply buckled/gave out. Similarly, in affirming the denial of Mr. Hood's claim, the Court noted that he did not slip, trip, or fall, and he was not

3

carrying anything. The facts in the instant matter are very similar to the facts presented in *Parsons* and distinguishable from the facts presented in *Hood*. The uncontradicted evidence in the subject claim shows that the claimant was at work on March 25, 2025; she was in the superintendent's office; she was discussing an issue with the superintendent; when she started to stand up, her root foot got hung up on the chair and she rolled her right ankle; and that the superintendent and the administrative assistant witnessed the accident. The Court in *Hood* stated that the evaluation of the facts in *Parsons* was related to an injury within the first category of risk, which is risks directly associated with employment because the mechanism of injury was clear.

Further, the Board found that:

The claimant indicated in her written protest letter that her right foot got hung on the chair when she went to stand from a seated position. There is no evidence such as the claimant's testimony to rebut her statement that her right foot got hung on the chair as she stood causing her to roll her right ankle. Further, there is no evidence such as pre-injury medical records that suggest that the claimant had issues with lower extremity (knee or ankle) instability or issues falling that would account for a sudden fall when standing from a seated position if her right foot did not get caught up on the chair while she stood from a seated position as she alleged. Based on the record, it is more likely than not that the claimant's right foot got caught up on the chair while she stood from a seated position, which caused her to roll her right ankle. The fact that the claimant's right foot got caught up on the chair where she was sitting during a meeting with the superintendent, as opposed to simply having her knee or ankle give out while standing, supports a finding that the right lower extremity injury resulted from her employment.

MCBOE cites this Court's holding in *Carter v. Humana, Inc.*, 24-ICA-283, 2024 WL 5201014 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision), in support of its arguments.[2] In *Carter*, we affirmed the Board's finding that the claimant did not sustain an injury in the course of and resulting from her employment when she suffered a knee injury while standing from a couch. We note that the claimant in that case did not catch her foot on the couch while standing, she simply experienced pain in her knee while coming to a standing position. We find that the instant case is more similar to *Little Dogs Daycare v. Carroll*, 25-ICA-287, 2025 WL 3709035 (W. Va. Ct. App. Dec. 22, 2025) (memorandum decision). In *Little Dogs Daycare*, this Court affirmed the Board's finding that the claimant sustained an injury to the left lower extremity in the course of and resulting from her

---

[2] The SCAWV affirmed this Court's decision in *Carter v. Humana, Inc.*, No. 25-124, 2025 WL 3152588 (W. Va. Sept. 12, 2025) (memorandum decision).

4

employment when she was attempting to stand from a chair and her foot became caught on the bottom of the chair, and she fell. Like the claimant in *Little Dogs Daycare*, Ms. Mitchell's injury arose from more than simply standing or walking. She describes a mechanism of injury caused by a definite, isolated, and fortuitous event, i.e., slipping or tripping on a chair. "Whether an injury occurs in the course of and resulting from the employment so as to be compensable under the workmen's compensation act depends upon the particular facts in each case." Syl. Pt. 2, *Emmel v. State Comp. Dir.*, 150 W. Va. 277, 145 S.E.2d 29 (1965).

Further, we find no merit in MCBOE's argument that the injury in this claim was idiopathic in nature, meaning that the cause of the injury is unknown, nor that the injury should have been evaluated as such. "In determining whether an injury resulted from claimant's employment, a causal connection between the injury and employment must be shown to have existed." Syl. Pt. 2, *Morton v. West Virginia Office of Ins. Comm'r*, 231 W. Va. 719, 749 S.E.2d 612 (2013). We note, as did the Board, that the clear cause of the injury is Ms. Mitchell's foot getting caught in a chair as she was standing up, meaning that the cause and mechanism of the injury are known.

Upon review, we conclude that the Board was not clearly wrong in finding that Ms. Mitchell sustained a left ankle injury in the course of and as a result of her employment. Further, we conclude that the Board was not clearly wrong in finding that this claim fell within the first risk category of *Hood*, and evaluating the claim under that category. As the SCAWV has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order, which rejected the claim.

Accordingly, we affirm the Board's October 6, 2025, order.

Affirmed.

**ISSUED:** May 1, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

5